

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VALANCE RAY SMITH, Sr., AKA
Valance Ray Smith,

Defendant - Appellant.

No. 14-10231

D.C. No. 3:13-cr-08043-GMS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted September 17, 2015[**]
San Francisco, California

Before: CALLAHAN, CHRISTEN, and FRIEDLAND, Circuit Judges.

Defendant-Appellant Valance Ray Smith ("Smith") appeals his 2014

convictions and sentence for assault with a dangerous weapon with intent to do

bodily harm and assault resulting in serious bodily injury under 18 U.S.C. §§

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

113(a)(3), 113(a)(6), and 1153. Because the parties are familiar with the facts and procedural history, we do not restate them except as necessary to explain our decision. We have jurisdiction under 28 U.S.C § 1291, and we affirm.

1.     The district court properly denied Smith's motion to suppress evidence from the searches of his home upon determining that Smith freely and voluntarily consented to those searches. *See Georgia v. Randolph*, 547 U.S. 103, 109 (2006). Although Smith appeared intoxicated during the two searches, he had already begun cleaning the crime scene, gave his own version of the events, was able to answer the officer's questions and sign the consent form without any difficulty, was alert, cooperative, and steady on his feet, had no trouble helping the officer lift a mattress, and did not appear to be confused at any point. Under these circumstances, the district court did not clearly err in determining that a reasonable officer would have viewed Smith's consent as voluntary. *See United States v. Koshnevis*, 979 F.2d 691, 694–95 (9th Cir. 1992).

2.     The district court also properly denied Smith's motion to suppress his statements made in custody, based on its determination that Smith voluntarily waived his *Miranda* rights under the totality of the circumstances. *See Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966). There is no direct evidence that Smith was intoxicated when he executed a written waiver at the time of his interrogation, nor

2

is there evidence to support the attenuated inference that because Smith was intoxicated when he was arrested the night before, he would have remained so 17 hours later when interrogated. To the contrary, Smith was able to lucidly and coherently answer questions, was consistently responsive, and never asked for questioning to stop. Under these circumstances, the district court did not clearly err in determining that Smith's waiver was the "product of his free will and rational choice." *See United States v. Martin*, 781 F.2d 671, 673–74 (9th Cir. 1985).

3. Even assuming the district court erred in finding joinder proper under Federal Rule of Criminal Procedure 8(a), this error does not require reversal because it did not result in actual prejudice that had a "substantial and injurious effect or influence" on the jury's verdict. *See United States v. Jawara*, 474 F.3d 565, 579 (9th Cir. 2007) (quoting *United States v. Terry*, 911 F.2d 272, 277 (9th Cir. 1990)). The district court properly instructed the jury to consider the charges separately. Further, even if the charges had been severed and tried separately, evidence regarding both episodes of assault would likely have been admitted in both trials to rebut Smith's defenses of self-defense and self-injury. Both of these factors weigh against a finding of actual prejudice. *See id.* at 579–80 (citing *United States v. Lane*, 474 U.S. 438, 450 (1986)).

3

4. The district court did not abuse its discretion by denying Smith's motion to sever under Federal Rule of Criminal Procedure 14(a). *See United States v. Sullivan*, 522 F.3d 967, 981 (9th Cir. 2008). Because Smith did not renew his severance motion at the close of trial and he has not shown that he diligently pursued severance or that renewal would be an unnecessary formality, his severance claim is waived on appeal. *See United States v. Decoud*, 456 F.3d 996, 1008 (9th Cir. 2006); *Terry*, 911 F.2d at 277. Even assuming Smith's severance claim under Rule 14(a) was properly preserved, Smith cannot satisfy his burden under Rule 14(a) of demonstrating manifest prejudice because he cannot show that joinder prejudiced him under Rule 8(a)'s less demanding "actual prejudice" standard. *See Jawara*, 474 F.3d at 579, 581.

5. The district court did not abuse its discretion in denying Smith's request for a downward departure or variance. Sentencing decisions, including whether to grant a downward departure or variance, are reviewed for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). In light of Smith's history of numerous violent crimes, including several that were not counted in his Guidelines calculation because they were tribal convictions, the district court reasonably determined that his criminal history category did not overrepresent his criminal history. The district court also reasonably determined

4

that Smith's intoxication and history of alcohol abuse did not warrant a downward departure or variance in light of the seriousness of the offenses.

**AFFIRMED**.